FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELAINE B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO: 1:19-CV-3001-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 8 and 10. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney D. James Tree.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

The Defendant is represented by Special Assistant United States Attorney Diana Andsager. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 8, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 10.

## JURISDICTION

Plaintiff Elaine B.[2] filed for disability insurance benefits and supplemental security income on October 20, 2014, alleging an onset date of June 20, 2014. Tr. 291-308. Benefits were denied initially, and upon reconsideration. Tr. 110-17, 120-29. A hearing before an administrative law judge ("ALJ") was conducted on July 20, 2017. Tr. 34-69. Plaintiff was represented by counsel but did not appear at the hearing. *Id*. The ALJ denied benefits, Tr. 23-43, and the Appeals Council denied review. Tr. 1-8. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

/ / /

/ / /

/ / /

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 40 years old at the time of the first hearing. *See* Tr. 47. She completed two years of college and was trained in respiratory care. Tr. 47-48, 328. Plaintiff did not appear at the hearing, and she was known to be homeless in 2016. Tr. 46-47. Plaintiff has work history as a nurse assistant, sales clerk, medical records technician, respiratory therapist, and security guard. Tr. 50-51, 329. Plaintiff claimed she was unable to work due to panic attacks, anxiety, hearing loss, depression, PTSD, agoraphobia, fibromyalgia, IBS, hip injury, and elbow injury. *See* Tr. 110.

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 20, 2014, the alleged onset date. Tr. 28. At step two, the ALJ found that Plaintiff has the following severe impairments: anxiety disorder, posttraumatic stress disorder ("PTSD"), and adjustment disorder. Tr. 28. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 31. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple as well as repetitive tasks. She should

> not work with the general public. She can have superficial contact with coworkers. She needs a routine and predictable work environment.

Tr. 33. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 36. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: assembler and escort vehicle driver. Tr. 37. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 20, 2014, through the date of this decision. Tr. 38.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 8. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred at step two;
2. Whether the ALJ properly considered the medical opinion evidence;
3. Whether the ALJ properly considered Plaintiff's symptom claims; and
4. Whether the ALJ erred at step five.

## DISCUSSION

**A. Step Two**

Plaintiff argues that at step two, the ALJ "harmfully erred in finding [Plaintiff] had no physical impairments, particularly as they related to her right lower

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

extremity, her right elbow, and her spine." ECF No. 8 at 3 (citing Tr. 28-31). First, at step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). The claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. § 404.1508 (1991). "Under no circumstances may the existence of an impairment be established on the basis of symptoms alone." S.S.R. 96-4p. Thus, in general, "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings." *Id.*

Furthermore, for that medically determinable impairment to be considered "severe" at step two of the sequential analysis, it must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen*, 80 F.3d at 1290. An impairment that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. SSR 96-3p, 1996 WL 374181 at *1 (July 2, 1996). Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent him from performing substantial gainful activity, and that the impairment or combination of

impairments lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. "Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, at step two, the ALJ found that Plaintiff "had the following severe impairments: anxiety disorder, posttraumatic stress disorder ("PTSD"), and adjustment disorder." Tr. 28. Then, ALJ the noted that Plaintiff "also has impairments that are 'not severe,'" and proceeded to consider alleged impairments in the record, including: superficial burns; substance abuse; ADHD; fibromyalgia; "a variety of musculoskeletal complaints" of lumbosacral strain, back spasm, hip pain, mechanical back pain, hamstring strain, and tennis elbow; hyperreflexia of the lower extremity; insomnia; and sciatica. Tr. 29-30. The ALJ additionally discounted three separate opinions regarding Plaintiff's alleged impairments as part of the step two analysis. Tr. 30-31. In July 2015, examining physician Dr. Mary Pellicer opined that Plaintiff was able to stand and walk for four hours in an eight hour day with more frequent breaks; sit for six hours cumulatively in an eight hour day with more frequent breaks; lift and carry ten pounds occasionally; bend occasionally; and never

squat, crawl, kneel or climb.  Tr. 614.  In June 2015, reviewing psychologist Dr. Luci Carstens opined that the highest level of work Plaintiff could perform was sedentary work.  Tr. 373-75.  And in June 2015, reviewing physician Dr. Wayne Hurley opined that Plaintiff could stand and/or walk four hours a day in an eight-hour workday with normal breaks; sit about six hours a day in an eight-hour workday with normal breaks; lift twenty pounds occasionally; and lift ten pounds frequently.[3]  Tr. 88-89.

Plaintiff argues (1) the ALJ "improperly inserted step-4 considerations into the step-2 analysis of whether [medically determinable impairments] exist and the severity of such" medically determinable impairments, because the ALJ considered the validity of Plaintiff's symptom claims and weighed medical opinion evidence at step two; (2) the ALJ erred in finding there were no medically determinable impairments related to Plaintiff's right leg, right elbow, or spine; and (3) the ALJ erred in rejecting Dr. Pellicer's finding [that Plaintiff] had chronic pain syndrome.  ECF No. 8 at 3-6.  Defendant responds that (1) Plaintiff's "procedural argument about the sequence of the ALJ's reasoning" should fail because it does not show

---

[3] The ALJ rejected all three opinions as to Plaintiff's physical limitations, largely because they were unsupported by the record and inconsistent with Plaintiff's daily activities.  Tr. 30-31.  However, as discussed herein, the ALJ erred at step two; thus, the medical opinion evidence should be reconsidered on remand.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

specific harm; (2) the ALJ reasonably found Plaintiff's "hyperreflexia" and "back and elbow condition" were medically determinable but non-severe; and (3) the ALJ "reasonably concluded [that] Plaintiff's pain was not a medically determinable impairment because no medical provider diagnosed it." ECF No. 10 at 4-5.[4]

Here, when considering Plaintiff's claimed impairments regarding her right lower extremity, right elbow, and spine, the ALJ found that while Plaintiff was diagnosed with "back and elbow conditions," and hyperreflexia, "there is no objective medical evidence these conditions lasted twelve continuous months or more than minimally limit [Plaintiff's] ability to perform basic work activities." Tr. 29-30. However, the ALJ did not specifically find that Plaintiff's musculoskeletal complaints were "non-severe." Tr. 29-30. Moreover, in apparent contradiction to this finding, the ALJ also found that Dr. Pellicer's diagnoses of "pain," which included specific diagnoses of "chronic pain syndrome possibly due to fibromyalgia," chronic right hip pain, and chronic right elbow pain, "is a symptom

---

[4] The ALJ also found fibromyalgia, insomnia, and sciatica were not medically determinable impairments. Tr. 29-30. However, Plaintiff's argument that the ALJ improperly considered her "physical impairments" at step two does not assign any error to the ALJ's consideration of these conditions. Thus, the Court will limit its analysis to the ALJ's consideration of Plaintiff's hyperreflexia, and "musculoskeletal complaints" related to her right leg, right, elbow, and spine. See ECF No. 8 at 4.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

and not a medically determinable impairment." Tr. 30. Finally, the ALJ granted little weight to Dr. Pellicer's opinion "because it was not based on any medically determinable impairments." Tr. 30.

Based on the foregoing evidence, the Court is limited in its ability to adequately address the substance of Plaintiff's arguments, because it is unable to discern from the record which of Plaintiff's alleged impairments were determined by the ALJ to be not medically determinable impairments, and which impairments were found to be not severe. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) (an examiner's findings should be as comprehensive and analytical as feasible so that a reviewing court may know the basis for the decision). This confusion is reflected in the parties' arguments regarding the ALJ's step two finding. Plaintiff argues the ALJ erred by finding Plaintiff had no physical impairments that were medically determinable, and further noted that any error in this finding would not be harmless because "the ALJ assessed an RFC that contains no limitations to account for" Plaintiff's physical impairments. ECF No. 8 at 2-6. In contrast, Defendant argues that the ALJ found Plaintiff's hyperreflexia and "back and elbow condition" were medically determinable, but "were nonetheless non-severe." ECF No. 10 at 3-5.

As noted above, there is a meaningful difference between the term "medically determinable impairment" and "severe" impairment, namely, the ALJ is required to consider limitations imposed by medically determinably impairments when assessing the RFC, even if they are found non-severe. *Buck v. Berryhill*, 869 F.3d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1040, 1048-49 (9th Cir. 2017). Here, the ALJ failed to consider any of Plaintiff's alleged physical impairments in the subsequent steps of the sequential analysis. Thus, the ALJ's failure to accurately identify whether she found Plaintiff's alleged musculoskeletal impairments and hyperreflexia to be non-severe, or whether those complaints were determined to be not medically determinable, was an error that necessitates remand for the ALJ to clarify this finding at step two. Moreover, even if the Court were to accept Defendant's version of the ALJ's decision, and find the ALJ properly found Plaintiff's claimed impairments of hyperreflexia and "back and elbow condition" were medically determinable but non-severe, remand would still be required because the ALJ failed to consider restrictions imposed by these medically determinable impairments when assessing Plaintiff's RFC. *See Buck*, 869 F.3d at 1048-49.

      As a final matter, the Court notes that this error cannot be considered harmless. An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at step two and the ALJ considers all impairments, regardless of severity, in the subsequent steps, an ALJ's failure to consider an impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, Plaintiff prevailed at step two; however, as discussed in detail above, the ALJ did

not consider Plaintiff's claimed musculoskeletal limitations and hyperreflexia at any of the subsequent steps of the sequential evaluation. *Cf. Lewis,* 498 F.3d at 911 (holding that ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was harmless where ALJ specifically discussed bursitis and its effects when identifying the basis for limitations in the RFC, and considered limitations caused by bursitis at step four).

Based on the foregoing, this case must be remanded in order to determine whether Plaintiff's claimed physical impairments were medically determinable and severe, and, if so, to consider any credible limitations arising out of Plaintiff's musculoskeletal impairments at all subsequent steps in the sequential evaluation.

**B. Additional Assignments of Error**

Plaintiff additionally argues that the ALJ improperly rejected the medical opinions of Mary Pellicer, M.D., Mark Duris, Ph.D., and Luci Carstens, Ph.D., and Jay M. Toews, Ed.D.; improperly considered Plaintiff's symptom claims; and erred at step five. ECF No. 8 at 6-20. However, the ALJ's error at step two requires remand for proper consideration of Plaintiff's claimed impairments and to reconsider each of the remaining steps in the five-step sequential evaluation, incorporating any additional impairments and work limitations possibly caused by Plaintiff's claimed physical impairments. As the ALJ's error at step two impacts all aspects of the ALJ's decision, the ALJ is instructed to reweigh the medical opinion evidence of

record, reconsider Plaintiff's symptom claims, reevaluate Plaintiff's RFC, and reassess the step five finding.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings

would serve a useful purpose). Here, the ALJ erred at step two, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reconsider the step two finding. The ALJ should also reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider Plaintiff's symptom claims, the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 8**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.
2. Defendant's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.
3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 2, 2020.

>                    *s/ Rosanna Malouf Peterson*
>                    ROSANNA MALOUF PETERSON
>                    United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18